(30 Misc. Rep. 668.)

## In re BAIRD.

(Supreme Court, Special Term, New York County.　March, 1900.)

CURTESY—RELEASE—PARTIES ENTITLED TO BENEFIT.
　　Under Code Civ. Proc. § 2362, providing that, in proceedings for the sale of real estate of infants in which some other person may have a prior life estate, the owner of the life estate may manifest, in writing, his consent, either to recover from the proceeds of the sale a gross sum, or to have a proportionate share of the proceeds of the sale invested for his benefit until the determination of his estate, a prospective purchaser of land belonging to infants in which their father has an estate by the curtesy, who has made no agreement with the father, nor paid him any consideration for a written release of his interest in the land, which he is ready to make, will not be allowed to complete the purchase of the infants' interest, leaving the interest by the curtesy outstanding, and a subject for future litigation.

Petition by James Baird, as guardian, for an order directing the acceptance by him of an offer for the real estate of his wards. Conditional order granted.

Bowers & Sands, for special guardian.
Edwin Kalish, for Cohen & Endel.

FREEDMAN, J. The special guardian of infant owners of real estate submits two contracts which he has made for the sale of such real estate, and asks for the approval of one of them. The proceedings were instituted on the petition of James Baird, the father of five infant children owning an undivided five-sixths interest in certain real estate in which the father's interest was that of a tenant by the curtesy. The first contract made by the special guardian was with Cohen & Endel for the sum of $28,333.33, and states

that the purchase of the premises was made "subject to the life estate by right of curtesy of the father." The second contract was made with one Rosendorf for the sum of $30,000, out of which is to be paid a broker's commission of $750. The latter contract contains a provision, however, that said sum of $30,000 shall be burdened with and that said "right of curtesy shall continue in the said father in and to said sum of $30,000 consideration money in place and stead of his present right of curtesy in and to the lands now owned by said infants." Standing alone, and without further explanation, it is evident that the Cohen-Endel contract is the more favorable to the infants, and that was the view taken by Mr. Justice Bookstaver when the same contracts were submitted for his approval. But it was then claimed by the special guardian that at or about the time the contracts were made by him with each of the proposed purchasers he obtained a release from the father of his interest in the lands as tenant by the curtesy, running to each of said prospective purchasers, which release was intended to comply with the provisions of section 2362 of the Code of Civil Procedure, to enable the purchaser, under whichever contract the court might approve, to take the title to the property free and clear, and although it was not expressly stated in the release executed by the father to Cohen & Endel that he (the father) intended to retain his interest as tenant by the curtesy in the proceeds arising from the sale of the lands of the infants, and that such was the understanding and agreement between the guardian and the father. To determine that question Mr. Justice Bookstaver directed the referee theretofore appointed in these proceedings to take proof thereon, and, having done so, the referee now reports, among other things, that the release executed by the father to Cohen & Endel, although not expressly stated therein, was made with the understanding and agreement on the part of the said guardian and the father that the curtesy of the father should be released in the lands, but should follow the proceeds, and attach thereto. Counsel for Cohen & Endel now appear, and except to the report of the referee in that respect, and claim that their clients are willing to pay to the special guardian the full sum of $28,333.33 named in their contract, and to take a deed burdened with the right of the curtesy of the father, thus giving the entire consideration, free from all incumbrances, for the benefit of the infants; and they also claim that such a deed would end the infants' concern in the matter, and that Cohen & Endel must then free the infants' interests so purchased from the life estate of the father, and ask the court to approve of their contract under such circumstances. I fail to see how this can properly be done, as the matter now stands, without entailing litigation, which ought not to be encouraged, and the result of which would be, to say the least, uncertain. Section 2362, supra, provides that in proceedings of this kind the person having the "prior estate [in this case the father] may manifest in writing his consent, either to receive, from the proceeds of the sale, a gross sum, * * * or to have a proportionate share of the proceeds of the sale invested, and the interest thereof paid to him, * * *

until the determination of his right or estate." Had Cohen & Endel, either by a contract of purchase or by actual purchase, acquired the interest of the father in the lands of the infants, their position might be tenable, as the deed from the guardian would then give them a complete title to the real estate; but the proof is uncontradicted that they have made no agreement with, nor have they paid any consideration to, the father for the release or consent aforesaid, and such release was obtained by the guardian for the purpose and with the agreement before stated. Consequently, Cohen & Endel are in no position to claim any rights under any release obtained by the guardian from the father under the circumstances disclosed by the testimony taken before the referee. It appears, however, that Cohen & Endel have contracted to purchase the interest of said infants, and to pay therefor the sum of $28,333.33, "subject to the life estate by right of curtesy of the father"; and their counsel, as before stated, strongly urges that his clients are willing to pay that sum, and accept a deed from the special guardian burdened with the father's interest. Whether a contract similar to the one submitted by the special guardian with Cohen & Endel should be approved without the consent of the person "having the prior right or estate" to receive from the proceeds of sale a gross sum or have a proportionate share of the proceeds invested," etc., as provided by section 2362, supra, need not be considered, as in the case at bar the father is evidently willing to give such consent, and to accept a gross sum, or a proportionate share, properly invested. If, therefore, the proposition of Cohen & Endel, as contained in their contract, and as supplemented by the assertions of their counsel, is made in good faith, they may have 30 days' time from the date of the entry of an order herein, in accordance with this opinion, in which to consummate the purchase from the father, James Baird, of his interests in said premises, and obtain a deed therefor, and present such conveyance, properly executed and acknowledged to the court, when their contract, as submitted, will thereupon be approved as the one most favorable to the infants; otherwise the Rosendorf contract will be approved.

Ordered accordingly.